IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–35–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM ORVILLE DESHAW, III, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant William Orville DeShaw, III's Opposed Motion to Dismiss for Failure to State an Offense or Because an Offense Element is Missing or Both. (Doc. 21.) The factual basis for the motion is neither complex nor disputed. By Indictment, the Grand Jury for this District charged DeShaw with making a false statement during a firearms transaction, in violation of 18 U.S.C. § 922(a)(6). (*Sealed* Doc. 1.) In relevant part, the Indictment alleges that DeShaw lied on ATF Form 4473 when he "indicated he was not the subject of a court [protective] order . . . when in truth and fact, as the defendant well knew, he was the subject of such an order dated February 22, 2019[.]" (*Id.*) The problem, as both parties agree, is that no February 22, 2019 protective order exists as it relates to DeShaw. (Docs. 21, 22, 23.)

The question is whether it matters that the charging document identifies a

1

nonexistent protective order, when the existence of that same order forms the basis of DeShaw's alleged lie. The Court agrees with DeShaw that it matters. Accordingly, the Court will grant the motion and dismiss the Indictment without prejudice.

## **LEGAL STANDARD**

The Constitution guarantees that "[n]o person shall be held to answer for a [felony] crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. So strong is the Fifth Amendment's protection that "after an indictment has been returned[,] its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215–16 (1960). Indeed, since 1887, the Supreme Court has cautioned that courts' authority to adjust the language of a returned indictment is limited, explaining,

> [i]f it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the [C]onstitution says "no person shall be held to answer," may be frittered away until its value is almost destroyed.

*Id.* at 216 (quoting *Ex parte Baine*, 121 U.S. 1, 10 (1887) (*overruled on other grounds by United States v. Cotton*, 535 U.S. 625, 630 (2002))).

The Federal Rules of Criminal Procedure, too, advance the sanctity of

the language contained in an indictment returned by a grand jury.  After prescribing that an indictment "must be a plain, concise, and definite written statement of essential facts constituting the offense charged," Rule 7 goes on to state that only upon a defendant's motion may a court strike "surplusage" therefrom.  Fed. R. Crim. P. 7(c)(1), (d).  The Rule limits a court's authority to strike language from a duly returned indictment, "in the light of the rule that the guaranty of indictment by a grand jury implies that an indictment may not be amended."  *Id.*, Advisory Committee's Note to subdivision (d) (1944).

## Discussion

Here, the government urges the Court to leave the Indictment as it stands, because the document's reference to a nonexistent protective order should be viewed as mere surplusage.  (Doc. 23 at 5–7.)  In other words, the government says, ignoring the reference to a February 22, 2019 protective order—now or when the Court instructs the jury—would not amount to an impermissible constructive amendment of the Indictment, even if the proof at trial would necessarily involve proffering evidence of a different protective order.   The Court disagrees.

A constructive amendment occurs "when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has passed upon them."  *United States v. Ward*, 747 F.3d 1184, 1190

3

(9th Cir. 2014). *Stirone*, as summarized by the Ninth Circuit, provides the seminal example of constructive amendment. *Id.*

> [T]he [*Stirone*] defendant was indicted for extortion relating to interference with interstate shipments of sand. Over defendant's objections, the district court admitted evidence relating to his interference with interstate steel shipments, then instructed the jury that a finding of guilt could be premised on either the sand- or steel-related conduct. The Supreme Court found that the district court had constructively amended the indictment by expanding the conduct for which the defendant could be found guilty beyond its bounds.

*Id.* (citing *Stirone*, 361 U.S. at 213–19) (internal citations omitted).

On the other hand, the Ninth Circuit declined to find constructive amendment "when no evidence was introduced at trial that would enable the jury to convict the conduct with which he was not charged." *Id.* at 1191 (citing *United States v. Hartz*, 458 F.3d 1011 (9th Cir. 2006)). In *Hartz*, the indictment alleged the defendant used two specific firearms when he robbed a jewelry store. *Id.* The evidence at trial matched the specific allegations in the indictment, but the verdict form asked only generally whether the defendant brandished "a firearm." *Id.* The court found no constructive amendment "as no evidence was introduced that the defendant had used a weapon other than the two referenced in the indictment, and use of either firearm would have been sufficient to support conviction of the offense charged in the indictment." *Id.*

The problem presented by the Indictment in this case is more analogous to the *Stirone* fact pattern than the *Hartz* situation. Unlike *Hartz*, the government's

4

evidence in the case against DeShaw will not match the specific allegations in the Indictment. Specifically, the Court predicts that the government will proffer evidence of a protective order that issued in April 2019—not February 2019—to prove that DeShaw lied when he said he was not the subject of a protective order during his attempt to buy a gun at the Bozeman branch of Murdoch's in June 2020. (*See* Doc. 23 at 2–3.)

If the Court leaves the Indictment as it stands, it will soon be put in the same position as the *Stirone* trial court was. That is, admitting different evidence than the evidence specifically identified in the Indictment, and then instructing the jury that a finding of guilt can be premised on either the existence of the April 2019 protective order or the February 2019 protective order. This *post hoc* scrambling to fix an undisputed factual problem in an indictment is precisely what the *Bain* Court admonished trial judges not to do more than a century ago.

Accordingly, and as the United States suggests as an alternative to leaving the Indictment in place, the Court will dismiss the Indictment without prejudice. (Doc. 23 at 2.) It is the Grand Jury's province, not this Court's, to expand the conduct for which DeShaw can be found guilty beyond the facts contained in the current Indictment. *Stirone*, 361 U.S. at 219.

//

//

## ORDER

Because the Court would be required to constructively amend the Indictment at trial, IT IS ORDERED that the motion (Doc. 21) is GRANTED. The Indictment (*Sealed* Doc. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the trial set for July 12, 2021 and all associated deadlines (Doc. 20) are VACATED, and any remaining pending motions are DENIED as moot.

DATED this 24th day of June, 2021.

_____
Dana L. Christensen, District Judge
United States District Court